## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON A. LOCKE, ESQ. | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO: |
| | § | |
| AUGUSTIN RIVERA JR., in his official | § | |
| capacity as Chairman of the Texas Board | § | |
| of Law Examiners; TERESA EREON | § | |
| GILTNER, in her official capacity as Vice | § | |
| Chairman of the Texas Board of Law | § | |
| Examiners; HAROLD "AL" ODOM, in his | § | |
| official capacity as Member of the Texas | § | |
| Board of Law Examiners; BARBARA | § | |
| ELLIS, in her official capacity as Member | § | |
| of the Texas Board of Law Examiners; | § | |
| ANA M. MCKIM, in her official capacity | § | |
| as Member of the Texas Board of Law | § | |
| Examiners; CYNTHIA EVA HUJAR ORR, | § | |
| In her official capacity as Member of the | § | |
| Texas Board of Law Examiners; CHARLES | § | |
| ALFRED MACKENZIE, in his official | § | |
| capacity as Member of the Texas Board of | § | |
| Law Examiners; DWAINE M. MASSEY, | § | |
| in his official capacity as Member of the | § | |
| Texas Board of Law Examiners; CARLOS | § | |
| R. SOLTERO, in his official capacity as | § | |
| Member of the Texas Board of Law | § | |
| Examiners, (*collectively, TBLE Members*); | § | |
| and NATHAN L. HECHT, in his official | § | |
| capacity as Chief Justice of the | § | |
| Supreme Court of Texas, | § | |
| | § | |
| *Defendants* | § | |

## PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

**1:**      In the year 1855, Abraham Lincoln penned in a letter the following words "if you are resolutely determined to make a lawyer of yourself, the thing is more than half done already."  In looking to the words in the letter written by this country's 16th president of The United States, it can be argued that Nelson Locke "Plaintiff" completed more than three quarters of the thing.

**2:**      In 2005, Plaintiff set out to act on his resolute determination to become a licensed attorney by enrolling at Concord Law School: the first completely interactive online law school in The United States.  At the time of Plaintiff's enrollment for law study, Concord Law School was registered with The State Bar of California and accredited by the Higher Learning Commission.  However, because interactive online law study was a novel concept at the time of Plaintiff's enrollment, The State Bar of California mandated additional requirements for Juris Doctor candidates studying law online.  It is only after satisfaction of the additional requirements are met that law graduates could be deemed eligible to take the California Bar Exam.  After the applicants pass the California Bar Exam, they are granted licensure and are admitted to practice law by The California Supreme Court.

**3:**      Plaintiff successfully completed the requirements mandated by The State Bar of California, including the additional requirements due to his enrollment in law study online.  He passed the First Year Law Students Exam, endearingly referred to as the "baby bar", as required to continue law study at Concord Law School.  Plaintiff successfully completed law study and was conferred a Juris Doctors degree in 2011.  In July 2013, Plaintiff successfully passed the California Bar Exam, arguably the most difficult bar exam in The United States, and in December 2013, he was granted licensure and admitted to practice law by The State Bar of California.

**4:**    Now, Plaintiff desires to complete the other quarter of the thing that needs to be done for him to completely make a lawyer of himself: obtain admission to practice law in The State of Texas from the Texas Board of Law Examiners "TBLE".  However, the rules adopted by the TBLE members are written in such a manner that violate Plaintiff's constitutional rights.

**5:**    Specifically, TBLE rules 13 § 3 and TBLE rules 13 § 4 violate Plaintiff's right to equal protection under the law as granted to him by the 14th Amendment to the U.S. Constitution by providing greater deference in favor of international attorneys requesting permission for admission to practice law without examination as compared to their American counterparts. Moreover, TBLE rules 13 § 6 violates Plaintiff's rights to due process as granted to him by the 14th amendments to the U.S. Constitution because the language of the rule could have a separate objective interpretation by two differing yet reasonable persons, thus calling into question how the rule should be enforced.

**TBLE Rule 13 § 2**

**6:**    Rule 13 § 2 allows an exemption from the Texas Bar Exam requirement for attorneys who are actively licensed and practicing law in other jurisdictions within The United States. Specifically, an applicant is not required to take the Texas Bar Exam if the applicant **1**: is licensed and actively practicing in a jurisdiction within The United States other than Texas, **2**: the applicant has been actively practicing in that jurisdiction as their primary profession for five of the past seven years immediately before seeking admission to practice law in Texas, and **3**: the applicant meets other requirements mandated by members of the TBLE.

**7:**    Those requirements include **1**: receiving an education from an approved or unapproved law school accredited in the jurisdiction <u>TBLE</u> rule 3, **2**: receiving a positive determination of moral character <u>TBLE</u> rule 4, and **3**: receiving a passing score on the Multistate Professional

Responsibility Exam "MPRE" <u>TBLE</u> rule 5. For an applicant to be considered receive a passing score on the MPRE, TBLE requires that the applicant receive a score of 85 or higher <u>Id</u>.

**<u>TBLE Rule 13 § 3</u>**

**8:**     Rule 13 § 3 exempts an applicant from the law study requirement if **1**: the applicant is licensed and actively practicing law in a jurisdiction within The United States <u>TBLE</u> Rule 13 § 3 (a), **2**: the applicant has been actively practicing law as their primary profession in that jurisdiction for five of the past seven years prior to seeking admission to practice law in Texas <u>Id</u>, and **3**: is either conferred a Juris Doctors degree from an approved and accredited law school in the jurisdiction where the applicant is actively practicing <u>TBLE</u> Rule 13 § 3 (b)(1) or holds the equivalent of a Juris Doctors degree from an unapproved law school that requires a law study curriculum that is substantially equal in length of time and substance of education to an approved law school <u>TBLE</u> Rule 13 § 3 (b)(2).

**<u>TBLE Rule 13 § 4</u>**

**9:**     Rule 13 § 4 allows an exemption from the Texas law study requirement for foreign applicants **1**: who are licensed and actively practicing in an international jurisdiction as their primary profession for three of the last five years prior to applying for admission to practice in Texas <u>TBLE</u> Rule 13 § 4 (a), and **2**: the foreign applicant has completed law study at an accredited law school in the jurisdiction that has a course of study based on the principles of English common law, and the study requirement is substantially similar in duration as the requirements of an approved law school within The United States <u>Id</u>.

**10:**     An additional exception in Rule 13 § 4 excuses a foreign applicant from the Texas law study requirement when **1**: the foreign applicant has completed law study at an accredited law school in the jurisdiction that has a course of study that is at least two years in length and based

on the principles of English common law <u>TBLE</u> Rule 13 § 4 (b), or **2**: the foreign applicant has been conferred an LLM that meets the requirements of an approved law pursuant to <u>TBLE</u> Rule 13 § 9 <u>Id</u>.

**11:**     Still another exemption in TBLE Rule 13 § 4 excuses foreign applicants from the law study requirement when **1**: the foreign applicant is actively licensed and practicing law in the foreign jurisdiction <u>TBLE</u> Rule 13 § 4 (c), **2**: the body of law in the foreign jurisdiction that the applicant is practicing is based on traditional principles of English common law <u>Id</u>, and **3**: the applicant was conferred an LLM that meets the requirements of an approved law school pursuant to <u>TBLE</u> Rule 13 § 9 <u>Id</u>.

**12:**     Should these ambiguous and disputed regulations enacted by members of the TBLE be permitted to stand, there will exist a fundamental unfairness disparately in favor of foreign attorneys licensed to practice law in international jurisdictions as compared to American attorneys who are licensed to practice law in jurisdictions within The United States because the regulations for foreign attorneys practicing in international jurisdictions are much more relaxed compared to the requirements for American attorneys practicing in jurisdictions within The United States.  In other words, the rules adopted by TBLE make it easier for international attorneys to be admitted to practice as compared to American attorneys making the same request, and that is unfair.

**13:**     These unequal requirements greatly discriminate against American attorneys who studied law and are actively licensed to practice in a jurisdiction within the United States as compared to international attorneys who studied and are actively licensed to practice law abroad.  This is a clear violation of Plaintiff's constitutional rights under the 14th amendment by not providing equal protection under the laws for American attorneys.

**14:**     This violation of Plaintiff's 14th Amendment constitutional right to equal protection resulted in substantial harm to the plaintiff when his waiver request for admission without examination was denied.  Meanwhile, during the sham hearing, a licensed Mexican attorney with no American schooling was waived in by members of the TBLE to take the Texas Bar Examination for the 8th consecutive time.  TBLE rules limit the chance to five attempts.  In other words, the harm occurred when TBLE members treated Plaintiff, a properly licensed American attorney, Vietnam-era U.S. Marine Corp Veteran, minority, and senior citizen differently in contrast to a licensed Mexican attorney during the same hearing.  The TBLE members also allowed the Mexican licensed attorney to speak, while silencing the Plaintiff.

**TBLE Rule 13 § 6**

**15:**     Rule 13 § 6 prohibits admission for those who completed law study in a foreign jurisdiction where the course of law study was primarily online or conducted via other mediums of distance learning.

**16:**     Specifically, TBLE Rule 13 § 6 states that "A J.D. degree or equivalent degree completed at a foreign law school that is earned primarily through online courses or other distance learning programs does not satisfy the requirements of this rule."

**17:**     This rule which partially governs the law study requirement is patently ambiguous because a reasonable person could interpret the rule to mean that a person who obtains a J.D. abroad, or a J.D. substitute (*e.g. an L.L.B.*) abroad through online or distance learning coursework does not satisfy the law study requirement.  Meanwhile, another reasonable person could interpret the rule to mean that a person who earned a J.D. in the United States, or the equivalent in The United States, through online or distance learning coursework does not satisfy

the law study requirement. In other words, which is it? This is another clear example of disparate treatment.

**18:** The harms Plaintiff suffered are the exact same harms that any American attorney similarly situated as the Plaintiff would suffer because TBLE rule 13 § 6 has not been clearly defined. This results in arbitrary decisions by members of the TBLE as to which persons similarly situated as Plaintiff may be waived in, and which persons similarly situated as Plaintiff may be prohibited from the practice of law in Texas. This is a clear violation of Plaintiff's rights to due process under the 14th Amendment to the U.S. Constitution because Plaintiff and those similarly situated as Plaintiff are not given clear notice to have a fair opportunity to make themselves heard in the administrative hearings before the TBLE members.

**19:** Because of the constitutional issues presented, and due to the harm suffered, Plaintiff was deprived of his civil rights under color of law. Now, Plaintiff comes before this court pursuant to 42 U.S.C. § 1983 to respectfully seek declaratory and injunctive relief from further enforcement of TBLE rules 13 § 3, rules 13 § 4, and rules 13 § 6.

## PARTIES

**20:** Plaintiff Nelson A. Locke is a citizen of The United States and Texas. He is actively licensed and on the motion to practice law in the State of California before the California Supreme Court. He is also actively admitted to practice before the Federal District Courts for the Northern and Eastern Districts of Texas, the Eastern and Western Districts of Oklahoma, the Northern District of Florida, the Central District of California, and the District of Colorado. He is currently domiciled at 4301 Rock Springs Dr., Plano, Texas 75024

**21:** Defendant Augustine Rivera Jr. is a member and present Chair of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for

determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas.  This board is also responsible for proposing regulations for admission to practice for review and adoption by the Supreme Court of Texas, as well as determining whether requirements that have not been satisfied by individual applicants may be waived.  He may be served with process at the Dal Mar College District, located at 101 Baldwin Blvd., Corpus Christi, TX 78404.

**22:**    Defendant Teresa Ereon Giltner is a member and Vice-Chair of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas.  This board is also responsible for proposing regulations for admission to practice for review and adoption by the Supreme Court of Texas, as well as determining whether requirements that have not been satisfied by individual applicants may be waived.  She may be served with process at Dykema Gossett PLLC, located at 1717 Main St., Ste. 4200, Dallas, TX 75201.

**23:**    Defendant Harold "Al" Odom is a member and past Chair of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas.  This board is also responsible for proposing regulations for admission to practice for review and adoption by the Texas Supreme Court, as well as determining whether requirements that have not been satisfied by individual applicants may be waived.  He may be served with process at 601 Sawyer St. Ste. 225, Houston, TX 77007.

**24:**    Defendant Barbara Ellis is a member of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and

qualifications for applicants seeking admission to practice law in the State of Texas. This board is also responsible for proposing regulations for admission to practice for review and adoption by the Texas Supreme Court, as well as determining whether requirements that have not been satisfied by individual applicants may be waived. She may be served with process at Locke Lord Bissell and Liddell, located at 600 Congress Ave. Ste. 2200, Austin, TX 78701.

**25:**    Defendant Anna M. McKim is a member of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas. This board is also responsible for proposing regulations for admission to practice for review and adoption by the Texas Supreme Court, as well as determining whether requirements that have not been satisfied by individual applicants may be waived. She may be served with process at Field Manning Stone Hawthorne & Aycock, located at 2112 Indiana Ave., Lubbock, TX 79410.

**26:**    Defendant Cynthia Eva Hujar Orr is a member of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas. This board is also responsible for proposing regulations for admission to practice for review and adoption by the Texas Supreme Court, as well as determining whether requirements that have not been satisfied by individual applicants may be waived. She may be served with process at 310 S. St. Mary's St., Fl 29, San Antonio, TX 78205.

**27:**    Defendant Charles Alfred Mackenzie is a member of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas. This board is also responsible for proposing regulations for admission to practice for review and

adoption by the Texas Supreme Court, as well as determining whether requirements that have not been satisfied by individual applicants may be waived.  He may be served with process at West Webb Allbritton and Gentry PC, located at 510 N Valley Mills Dr. Ste. 201, Waco, TX 76710.

**28:**    Defendant Dwaine M. Massey is a member of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas. This board is also responsible for proposing regulations for admission to practice for review and adoption by the Texas Supreme Court, as well as determining whether requirements that have not been satisfied by individual applicants may be waived.  He may be served with process at Massey Law Firm PLLC, located at 601 Sawyer St. Ste. 225, Houston, TX 77007.

**29:**    Defendant Carlos R. Soltero is a member of the Texas Board of Law Examiners: an agency under the direction of the Texas Supreme Court and responsible for determining the fitness and qualifications for applicants seeking admission to practice law in the State of Texas. This board is also responsible for proposing regulations for admission to practice for review and adoption by the Texas Supreme Court, as well as determining whether requirements that have not been satisfied by individual applicants may be waived.  He may be served with process at Soltero Sapire Murrell PLLC, locatred at 7320 N. Mopac Expy. Ste. 309, Austin, TX 78731.

**30:**    Defendant Hon. Nathan L. Hecht is Chief Justice of the Texas Supreme Court: a court which has jurisdiction over the Texas Board of Law Examiners and is the court of last resort in Texas for determining that parties seeking admission for licensure before the State Bar of Texas meet the minimum requirements to for admission to practice law in Texas.  He is being sued in his official capacity as Chief Justice of the Texas Supreme Court having jurisdiction over the

admission of the Plaintiff, and those similarly situated as the Plaintiff, to the practice of law in the state. He may be served with process at the Supreme Court of Texas located at 201 W. 14th Street, Austin, TX 78701.

## JURISDICTION AND VENUE

**31:** Subject matter jurisdiction is proper in this court because this petition is made pursuant to 28 U.S.C. § 1331 due to the federal claims arising under article III which Plaintiff asserts before this court. Specifically, these federal claims arise from violations of the Plaintiff's equal protection rights, as well as Plaintiff's rights to due process under the U.S. Constitution, thus resulting in violations of the Plaintiff's civil rights under 42 U.S.C. § 1983.

**32:** The Plaintiff's request for declaratory and injunctive relief are proper before this court as this court has the authority to declare the rights and any connection to those rights of the litigants seeking said declaration whether further relief can or cannot be sought as authorized by 28 U.S.C. § 2201. Additionally, further relief may be granted by this court based on the declaration that this court makes, pursuant to 28 U.S.C. § 2202.

**33:** Personal jurisdiction is proper in this court because TBLE, and the Defendant's acting in their official capacities as members of TBLE, purposely availed themselves to this jurisdiction through the transactions and communications with Plaintiff via mail and through Plaintiff's ATLAS account. Those communications reached Plaintiff at his domicile in Plano TX.

**34:** Venue is proper in this court because a substantial number of transactions resulting in this petition brought forth by Plaintiff occurred in Plano TX.

## STATEMENT OF FACTS

**35:** On or about January 2005, Plaintiff began his study at Concord Law School. At the time of Plaintiffs enrollment, Concord Law School was the first law school that offered law study

courses completely online.  Online law schools such as Concord are currently regulated by The State Bar of California through the California Committee of Bar Examiners and the California Supreme Court.  Furthermore, the legal education that Plaintiff received was based on the traditional principles of English common law because American jurisprudence and The State of California's systems of jurisprudence are based on principles of English Common Law.  Also, the opinions of the California Supreme Court are a major source of persuasive authority in numerous opinions published by the Texas Supreme Court and the Texas Court of Criminal Appeals.

**36:**     Plaintiff completed the required course of study as well as other requirements mandated by The State Bar of California in 2011.  In 2013, Plaintiff successfully passed the three-day California Bar Exam: the toughest bar exam in The United States.  On December 10th, 2013, Plaintiff was admitted to the practice of law in The State of California.

**37:**     Since being admitted to practice law in The State of California, Plaintiff has been admitted to practice before the Federal district courts for the Central District of California, the Northern District of Florida, the Northern District of Texas, the Eastern District of Texas, the Eastern District of Oklahoma, the Western District of Oklahoma, and the District of Colorado. Since being admitted to practice law in The State of California, plaintiff has also engaged in the substantial practice of law in The State of California where Plaintiffs cases deal mostly with contracts, corporate and business transactions, real estate, and other novel areas specific only to The State of California.

**38:**     On or about July23rd, 2020, Plaintiff having practiced for almost 7 years and being of good standing within The State of California sought admission from the TBLE members for

admission to practice law in The State of Texas without examination.  Plaintiff also sought

exemption from the law study requirement.

**39:**     Plaintiff completed his application for admission to practice via the ATLAS system as

mandated by TBLE.  Because ATLAS did not permit Plaintiff to submit his application online,

Plaintiff mailed his submission to the TBLE members via certified mail.  Plaintiff received

confirmation that the submission has been received on July 30th, 2020.

**40:**     Plaintiff subsequently received a letter from TBLE representative Laurie Gonzalez.  The

letter was dated August 4th, 2020.  Plaintiff was informed in that letter that paper applications

were not accepted by TBLE, and Plaintiff would have to submit his application online.

However, as the court will see, the TBLE refused his application online.

**41:**     On the August 11th, 2020, Plaintiff tried again to request for admission to practice law in

The State of Texas without examination.  During that attempt, Plaintiff was presented with the

following questionnaire.

1.  Are you currently authorized to practice law in another state, the District of
    Columbia, or a U.S. territory?

    **Yes**

2.  Have you been actively and substantially engaged in the lawful practice of law as
    your principle business or occupation for at least 5 of the last 7 years?

    **Yes**

3.  Where did you get your J.D. or other initial law degree from?

    **Non-ABA approved U.S. law school**

4.  Was your degree earned primarily through online courses or other distance learning
    medium?

    **Yes**

**You are not eligible for admission.  See rule 13.**

**42:**    Once Plaintiff was notified of his ineligibility to apply for admission, Plaintiff was denied access to the ATLAS platform to make a subsequent attempt to reapply.  Plaintiff attempted to call Laurie Gonzalez, the representative of TBLE, but Plaintiff received a voice message stating that the extension was unable to make or receive calls or voicemails.

**43:**    Plaintiff then made two additional attempts to contact members of the TBLE via mail. The first attempt was made on August 11th, 2020, and confirmation of receipt was received by Plaintiff on August 19th.  A second attempt to contact members of the TBLE by mail was made on August 25th, 2020.  Confirmation of receipt was received by the Plaintiff on September 2nd, 2020.  Plaintiff received no other responses from the members of the TBLE from the multiple attempts he made to contact them.

**44:**    As the sole result of Plaintiff not receiving any response from the TBLE members regarding his application, and having no other recourse, he filed suit against TBLE on January 14th, 2021 (*see civil action no. 4:21-cv-27*).  Immediately after filing suit against TBLE, Plaintiff served TBLE a courtesy copy of the complaint with a request for TBLE to waive official service of process.  TBLE received the courtesy copy; and, responded by waiving service of process through their staff attorney, Ciara Parks Esq., on January 20th, 2021.

**45:**    Immediately after the TBLE members took receipt of the initial complaint and waived service of process, Plaintiff was miraculously allowed access to the ATLAS platform to complete his application for admission to practice law.  Plaintiff also received an email with a link inviting the Plaintiff to attend a waiver hearing to waive the law study requirement.  Plaintiff accepted the invitation and was scheduled to appear before members of the TBLE in a waiver hearing scheduled for March 25th, 2021.

14

**46:**     In the same email, however, Plaintiff was notified that admission is not granted to persons in the Plaintiff's position despite the Plaintiff being allowed to continue the application process and be scheduled for a waiver hearing before members of the TBLE.  This statement was made without the members of the TBLE taking time to consider the constitutional violations alleged by Plaintiff.  In other words, whether or not Plaintiff would appear before the board, and whether or not Plaintiff could present strong persuasive arguments in favor of being admitted to the practice of law, members of the TBLE had already made their collective minds up: they were going to deny Plaintiff's request for admission regardless.  Basically, the hearing was an intentionally biased sham, completely unfair to the Plaintiff.

**47:**     During the March 25th hearing, TBLE members openly displayed disparate treatment in favor of foreign licensed attorneys over American attorneys similarly situated as Plaintiff and it became evident for the public to see when prior to Plaintiff being called to be heard, a Mexican licensed attorney was heard before the TBLE members to request an opportunity to take the Texas Bar Exam.  This was going to be the applicants eighth attempt.  The TBLE rules allow for a maximum of five attempts.  The TBLE members were very engaged and sympathetic to the licensed Mexican attorney, some might even say emotional, as the TBLE members unanimously granted the foreign applicant permission to take the bar exam well past the maximum number of allowable attempts.  No TBLE member questioned her education.  Meanwhile Plaintiff, an American attorney practicing law since 2013 in a jurisdiction inside The United States (*specifically, California*), was silenced by TBLE member Harold Odom, and instantly denied admission to practice without examination by TBLE, citing TBLE rule 13 § 6.  However, once Plaintiff was denied admission, Plaintiff received an email from confirming the denial of admission yet citing TBLE rule 13 § 2 as their reason for the denial.  This is essentially the

equivalent of summoning a person to court to be heard for a failure to signal citation yet finding them guilty of reckless driving without giving them notice of such a charge. All of this violates due process.

**48:**     Furthermore, during the same hearing the TBLE members refused to allow Plaintiff the opportunity to correct several inaccuracies that were made during the sham hearing, for example, their false statement regarding Concord Law School's approval by California, further denying the Plaintiff of his chance to properly be heard before the board, resulting in a continued deprivation of the Plaintiff's right to due process. Member Odom personally directed the secretary turn off Plaintiff's mic during the hearing.

**49:**     After Plaintiff's request before the members of the TBLE was denied, as allowed by the Texas Open Meetings Act, the Plaintiff promptly requested the transcripts of the hearing. Plaintiff was informed by a TBLE representative that the transcripts and minutes to the meeting would be made available once they were voted on and approved by the members. Plaintiff was further informed that the vote would occur on June 25th, 2021. Subsequently, the Plaintiff was advised that date was moved to October of that year. However, when Plaintiff requested the transcripts of the hearing on January 25th, 2022, Plaintiff was informed that the transcripts were not available. Plaintiff was then supplied with only a list of the persons who appeared and presented their cases for waiver before the TBLE members during the waiver hearing. This proffer was bad faith, and certainly violated the Texas Open Meetings Act. Plaintiff fears that there was either negligent destruction or willful spoliation of the requested transcripts.

## CONSTITUTIONAL CHALLENGES
## AND CLAIMS FOR RELIEF

**TBLE Rule 13 § 6 violates Plaintiffs 5th and 14th amendment due process rights because the text of the rule as written is so ambiguous that TBLE rule 13 § 6 is void for vagueness.**

**50:**    Plaintiff incorporates all facts alleged above in the "Introduction" and in the "Statement of Facts."

**51:**    Plaintiff was denied due process substantively because of ambiguity in the application of regulations established by TBLE: specifically, TBLE rule 13 § 6.  As discussed above, Plaintiff attempted to apply for admission without examination through the ATLAS system, yet when the question regarding online study was answered in the affirmative, Plaintiff was informed that he was ineligible to apply for admission per TBLE rule 13.

**52:**    TBLE Rule 13 § 6 is the only rule that could be referred to which states that the "law study requirement is not satisfied if a J.D. or equivalent completed at a foreign law school was earned primarily through distance learning or online study."  Though Plaintiff has earned his J.D. at a school where substantially all of his education was online, Concord Law School was accredited by the Higher Learning Commission and approved by The State of California.  Most importantly, TBLE rule 13 § 6 as written is inferred to mean that those who studied and obtained their conferment of Juris Doctor or the equivalent at an online school located outside of The United States are ineligible for law to apply for admission to practice in The State of Texas without examination.

**53:**    Allowing TBLE by way of their members to apply TBLE rule 13 § 6 as presently interpreted would cause confusion as to the meaning of the term "Foreign" as the definition could be construed to mean "outside of The United States" and "outside of The State of Texas" within the same use of the word.  Such confusion of the term deprives Plaintiff of the right to due process because TBLE members would be permitted to apply TBLE rule 13 § 6 arbitrarily using any self-serving definition of the term "foreign" to disallow at will those law graduates at

American and international law schools who completed their degree substantially online or through correspondence means.

**54:**     Furthermore, TBLE via representation by the Office of the Attorney General argued in their motion to dismiss the initial suit filed by Plaintiff, that the operative word in TBLE rule 13 § 6 was "or".  Based on the definition of that word, a reasonable person could interpret TBLE rule 13 § 6 to mean that a person who obtained a J.D. abroad, or a substitute degree from abroad through online or distance learning coursework does not satisfy the law study requirement.  At the same time, another reasonable person could interpret TBLE rule 13 § 6 to mean that a person who earned a J.D. in the United States, or a law degree in the United States, through online or distance learning coursework does not satisfy the law study requirement.  Those two differing yet reasonable interpretations of TBLE rule 13 § 6 are ambiguous, resulting in further violation of Plaintiff's right to due process.  Are American educated attorneys and foreign attorneys treated the same, or does the term "foreign" have several meanings resulting in different standards of treatment, or does the very word "or" apply an "either / or" standard?  Could that same reasonable person find one way for a foreign attorney, and another way for an American attorney?  Based on the TBLE member's treatment of the Mexican applicant, that's exactly what happened in this case.

**55:**     Clearly Plaintiff is deprived of his right to due process because TBLE rule 13 allows applicants who completed their course of study at international law schools to at least demonstrate that their education is based on the principles of English common law.  The Plaintiff was denied such an opportunity.  In Plaintiffs situation, Plaintiff wasn't allowed to even log back into the ATLAS system once he was blindly deemed ineligible for admission per TBLE rule 13 until he filed suit against TBLE.

**56:**    Had Plaintiff been afforded the opportunity to speak with the TBLE members or request and receive a real two-way hearing before the TBLE members, Plaintiff would have been able to demonstrate that he received an education that based on the traditional principles of English common law. Additionally, based on further information and belief, in the recent past, The Texas Supreme Court after receiving recommendation from members of the TBLE allowed applicants who received Juris Doctors degrees from the Reynaldo Garza School of Law, the University of North Texas School of Law, and Texas Wesleyan School of Law (now Texas A&M University School of Law) to be admitted to practice law once they successfully passed the Texas Bar Exam despite those schools not having ABA accreditation at the time of the recommendations. This is yet another example of disparate treatment. To further demonstrate the emergence of online education, St. Mary's University School of Law is presently offering a Juris Doctors program completely online. Both of these points are examples of disparate treatment.

**57:**    Even though Plaintiff obtained his Juris Doctors degree through an online education like St. Mary's School of Law, Syracuse University, and others; Plaintiff was treated differently than students at the above-mentioned schools, yet adhered to the very stringent requirements set forth by The State Bar of California, and The California Supreme Court. The requirements in The State of California are stricter than the requirements in The State of Texas. California has the same requirements as ABA accredited schools. Consider this: Plaintiff attended four full years of schooling being credited for ninety-six credit hours, took a first year law students eight hour bar exam, and then took and passed a three day, twenty four hour general bar exam.

**Requirements to Practice Law in The State of California**

**58:**     To qualify for admission to practice law in California, Plaintiff was required to demonstrate to The State Bar of California that he completed an authorized study of law.  For that to happen, The State Bar of California requires that the applicant have already completed study and obtained an undergraduate bachelor's degree.  The applicant must then enroll into a program of law study approved by The State Bar of California.  After enrollment, because Plaintiff elected to earn a J.D. online, after the first full year of study, he was required to register for and successfully pass the first-year law students exam "FYLSX" by obtaining a score of 560 or higher.  This exam was put in place by The State Bar of California to ensure that students engaging non-traditional methods of law study (*such as studying online*) received a proper education on the foundation of the U.S. legal system: specifically, the principles of English common law.  Furthermore, the exam was put in place to make sure that students engaging in non-traditional law study have a firm grasp on the subjects required for most first-year law students across the United States: Specifically, Contracts, Criminal Law, and Torts.

**59:**     Once those requirements have been met, the applicant must then complete requirements that are normally required in other jurisdictions, including The State of Texas.  Those requirements include the applicant receiving a positive determination of moral character, successfully completing and passing the California Bar Exam, and receiving a passing score on the Multistate Professional Responsibility Exam "MPRE".  A score that is considered passing on the MPRE differs based on the requirements of each jurisdiction.  The score on the MPRE that is considered passing by The State Bar of California Bar is a score of 86 or higher.

**60:**     Plaintiff not only met, but exceeded the requirements established by The State Bar of California.  His score on the FYLSX well exceeded 600 points.  Additionally, Plaintiff had to

receive a scaled MPRE score of 86 or higher to be eligible to take the California Bar Exam.

Plaintiff's MPRE score was a 90. Finally, Plaintiff had to undergo moral character, which

plaintiff underwent and received a positive determination. Had Plaintiff been allowed to speak

and had Plaintiff's extensive application been reviewed by the TBLE members before the sham

hearing, Plaintiff would have successfully demonstrated that the legal education that he received

was on par with ABA accredited law schools, and that his education was rooted in the principles

English common law. Plaintiff passed the California Bar Exam because of the education that he

received, despite it being online. To substantiate the quality of his education, Plaintiff offers a

declaration from Dean Martin Pritikin describing Concord Law School in detail and comparing

many relevant facts about Concord's quality of education to ABA standards and state

requirements.

**61:**    Even if TBLE rule 13 § 6 weren't arbitrarily applied, there is no rational basis for the

application of the rule. Many law schools that are accredited by the American Bar Association

"ABA" are now engaging in a hybrid form of online study. Some of the law schools, most

notably Syracuse University, are now permitted to and currently allow for their students to

engage in the study of law completely online. Furthermore, due to the COVID-19 outbreak,

many jurisdictions throughout The United States elected to administer their bar examinations

completely online, including Texas. Most notably, St. Mary's University located in San Antonio

Texas has recently announced that they were accepting law students who wished to pursue a

Juris Doctor completely online. In other words, there are additional attorneys and future

attorneys similarly situated as Plaintiff because they are receiving their education completely

online. This includes law students attending online law school classes at law schools that

founded and operate right here in Texas.

21

**TBLE Rules 13 § 3 and TBLE Rules 13 § 4 violate the 14th amendment equal protection clause because applying both rules disparately discriminate against American attorneys licensed to practice law in a jurisdiction in the U.S. in favor of foreign attorneys licensed to practice law abroad.**

**62:**    Plaintiff incorporates all facts alleged above in the "Introduction" and in the "Statement of Facts."

**63:**    TBLE rule 13 is a violation of the equal protection clause.  Specifically, TBLE rules 13 § 3, and TBLE rules 13 § 4 unfairly discriminate against American attorneys licensed in a jurisdiction within The United States attempting to apply for admission to practice in The State of Texas as compared to foreign attorneys licensed to practice law abroad.  Foreign law schools, as interpreted in the plain meaning would infer those law schools not within The United States, the Indian sovereigns, or territories of The United States, would be reasonably assumed to contain a majority of students that are non-American.  TBLE rule 13 § 2 and TBLE Rule 13 § 3 allow American attorneys to apply for admission without examination after practicing for 5 of the last 7 years as the primary occupation of employment within the jurisdiction that Plaintiff is lawfully authorized to practice.  However, non-American attorneys only need to actively practice law for 3 of the last 5 years within the jurisdiction that non-American attorneys are lawfully authorized to practice.  Basically, American attorneys are forced to wait longer than foreign attorneys to apply for admission to practice.  Foreign attorneys receive preferential treatment in this regard.

**64:**    There is no rational basis in relaxing the difference in years law practice for international attorneys as compared to American attorneys who are authorized to practice.  To the contrary: if the inverse requirement were true and non-American attorneys were required to practice for 5 or more years, a plausible argument could be made that TBLE members would want to ensure that the potential international applicant has a firm grasp on the doctrines of English common law as

applied to the jurisdictions of their respective international jurisdictions.  That was not the case here.

**65:**    TBLE rule 13 § 3, and TBLE rule 13 § 4 also provide more options for an international attorney to demonstrate that their education is based on the principles of English common law. That option is not afforded to American attorneys such as Plaintiff: effectively giving an international attorney further opportunity to demonstrate that their education qualifies them for admission, whereas Plaintiff is effectively denied of his ability to show cause as to why he should be admitted to practice in Texas, when he has already been admitted in another American jurisdiction.

**66:**    There is no rational basis in allowing international attorneys to demonstrate the sufficiency of their legal education while denying that same opportunity to American attorneys who are authorized to practice in their respective jurisdictions.  If American attorneys are allowed to demonstrate that their education is sufficient to allow them admission to practice in The State of Texas without examination, TBLE members would have a clearer picture of the applicant and his case before them in order to make a true decision as to whether to grant admission without examination to lawfully practice in The State of Texas.

**67:**    More importantly, because TBLE rules 13 § 3 and TBLE rules 13 § 4 discriminate based on national origin (*American attorneys in favor of foreign attorneys*), strict scrutiny is not met because there is clearly not a compelling interest in requiring foreign attorneys licensed to practice abroad to engage in the practice of law for less time as compared to American attorneys. If the reverse were true regarding the requirements mandated in TBLE rules 13 § 3 and TBLE rules 13 § 4, then a plausible argument could be made that the State of Texas wants to ensure that

foreign attorneys licensed to practice law abroad have a good grounding in English common law and are keen on the principles adopted in the U.S. and Texas legal systems.

**68:**    This disparate discrimination became evident during the waiver hearing on March 25th 2021 when Plaintiff was not allowed to speak: meanwhile, a Mexican applicant licensed to practice law in Mexico was allowed to speak and was granted permission to take the Texas Bar exam well in excess of the number of attempts that are allowed under the rules.

**PRAYER**

WHEREIN THESE THINGS CONSIDERED, Plaintiff respectfully prays that this court grant the requested relief and;

1:        Declare TBLE rule 13 § 6 unconstitutional as void for vagueness and enjoin Defendants in their official capacities from enforcing TBLE rule 13 § 6.

2:        Declare TBLE rules 13 § 3 and TBLE rules 13 § 4 unconstitutional as violations of equal protection under the law due to the disparate treatment of American licensed attorneys in favor of foreign licensed attorneys and enjoin Defendants in their official capacities from enforcing TBLE rules 13 § 3 and TBLE rules 13 § 4.

3:        Where the court finds merit, order that Defendants review Plaintiff's application for admission without examination free from bias, and if otherwise qualified, grant Plaintiff admission to practice.

Respectfully,



_____

Nelson A. Locke, Esq.
PETITIONER PRO-SE