IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON A. LOCKE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00256-ALM-CAN |
| v. | § | |
| | § | |
| AUGUSTIN RIVERA, JR., ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendants Augustin Rivera, Jr., Teresa Ereon Giltner, Harold Odom, Barbara Ellis, Anna M. McKim, Cynthia Eva Hujar Orr, Charles Alfred Mackenzie, Dwaine M. Massey, Carlos R. Soltero, and Nathan L. Hecht's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 18] and Plaintiff Nelson R. Locke's Corrected Motion for Leave to Amend [Dkt. 33]. After reviewing Defendants' Motion to Dismiss [Dkt. 18], Plaintiff Response [Dkt. 22], Defendant's Reply [Dkt. 27] and Plaintiff's Motion for Leave to Amend [Dkt. 33], Defendants' Response [Dkt. 34], and Plaintiff's Reply [Dkt. 35], all other relevant filings, and having considered the oral argument of the Parties [*see docket generally*, August 9, 2022] the Court recommends Defendants' Motion to Dismiss [Dkt. 18] be **GRANTED** and Plaintiff's Motion for Leave to Amend [Dkt. 33] be **DENIED**.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

In 2011, Plaintiff Nelson Locke ("Plaintiff") obtained his law degree from Concord Law School in California, which offers an online-only course of study [Dkt. 2 at 2]. Plaintiff is licensed to practice law in California and has attempted unsuccessfully to also obtain his license

here, in Texas. This is his second federal suit related to his licensure efforts [Dkt. 2 at 14].[1]

On January 14, 2021, Plaintiff filed his first suit in the Eastern District of Texas. *Locke v. Texas Bd. of L. Examiners*, No. 4:21-cv-00027-SDJ-CAN (E.D. Tex. Jan. 14, 2021) ("*Locke I*"). Underlying Plaintiff's claims in *Locke I* were facts now again pleaded in the instant suit. Specifically, Plaintiff completed his online course of study at Concord Law School in 2011 [*Locke I*, Dkt. 2 at 10; *Locke II*, Dkt. 2 at 2]. In 2013, he was admitted to practice law in the State of California [*Locke I*, Dkt. 2 at 4; *Locke II*, Dkt. 2 at 2]. Plaintiff while licensed to practice in California, lives in Plano, Texas [*Locke I*, Dkt. 2 at 2; *Locke II,* Dkt. 2 at 7]. On or about July 23, 2020, Plaintiff sought admission to the State Bar of Texas, without examination, through an application process facilitated by the Texas Board of Law Examiners ("TBLE") [*Locke I*, Dkt. 2 at 11; *Locke II,* Dkt. 2 at 12-13]. Plaintiff attempted to apply through TBLE's website, ATLAS, seeking an exemption of the study of law requirement, and for admission to practice in the State of Texas without examination [*Locke I*, Dkt. 2 at 11; *Locke II,* Dkt. 2 at 13]. TBLE Rule 13 § 6 ("No Degree by Correspondence") disallows licensure for applicants who receive their legal education primarily through online courses: "A J.D. degree or an equivalent degree completed at a foreign law school that is earned primarily through online courses or other distance- learning programs does not satisfy the requirements of this Rule." TBLE Rule 13 § 6.2. Plaintiff subsequently submitted a paper application to TBLE [*Locke I*, Dkt. 2 at 11; *Locke II*, Dkt. 2 at 13]. TBLE confirmed receipt of the paper application but advised paper applications were not accepted *[Locke I*, Dkt. 2 at 11*; Locke II*, Dkt. 2 at 13]. Plaintiff alleges he made additional attempts to communicate with TBLE and to complete the application process

---

[1] For clarity purposes, the Court references the first lawsuit, *Locke v. Texas Bd. of L. Examiners*, No. 4:21-cv-00027-SDJ-CAN (E.D. Tex. Jan. 14, 2021), as "*Locke I*." And, the second (and present) lawsuit, *Locke v. Rivera Jr., et al.*, No. 4:22-cv-00256-ALM-CAN (E.D. Tex. Mar. 30, 2022) as "*Locke II.*"

REPORT AND RECOMMENDATION – Page 2

thereafter, but either no or inadequate responses were received from TBLE, forcing him to sue TBLE [*Locke I*, Dkt. 2 at 11-13; *Locke II*, Dkt. 2 at 13-14].

Plaintiff's complaint in *Locke I* sought declaratory relief and to enjoin TBLE from enforcing Rule 13 § 6 as to Plaintiff, specifically "that TBLE be ordered to review Plaintiffs original manual application in its entirety and admit the plaintiff to practice law within the State of Texas without examination, without further delay" [*Locke I*, Dkt. 2 at 18]. In his claims against TBLE, Plaintiff asserts the referenced Rule is unconstitutional and violates his Due Process and Equal Protection guarantees under the Fifth and Fourteenth Amendments. [*Locke I*, Dkt. 2 at 11]. Plaintiff claims that after filing *Locke I* against TBLE, he was permitted to complete his application for admission to practice law in Texas; also, he was invited to attend a waiver hearing before members of TBLE regarding whether "the law study requirement could be waived" [*Locke II*, Dkt. 2 at 14]. On March 25, 2021, Plaintiff appeared at a waiver hearing, at which he presented his request to waive the Rules' educational requirements for admission to the Texas Bar [*Locke II*, Dkt. 2 at 15]. At the public waiver hearing, a three-person panel of TBLE board members declined to waive the Rule and rejected Plaintiff's requests [*Locke II*, Dkt. 2 at 15-16]. Plaintiff alleges TBLE denied Plaintiff's application for admission to the State Bar of Texas because he did not satisfy the Rules Governing Admission to the Bar of Texas, specifically Rule 13 ("Applicants from Other Jurisdictions") [*Locke II*, Dkt 2 at 15].

In *Locke I*, TBLE filed a motion to dismiss under both 12(b)(1) and 12(b)(6) arguing Plaintiff's claims should be dismissed due to a lack of subject matter jurisdiction; specifically, that Plaintiff's claims were barred by sovereign immunity or in the alternative, by the *Rooker–Feldman* doctrine or the *Younger* abstention doctrine [*Locke I*, Dkt. 6]. On January 21, 2022, after the conclusion of the TBLE proceedings, the undersigned recommended Plaintiff's claims

be dismissed as TBLE is entitled to Eleventh Amendment immunity. *Locke I*, No. 4:21-cv-00027, 2022 WL 879563, at *3 (E.D. Tex. Jan. 21, 2022), *report and recommendation adopted in part*, No. 4:21-cv-00027, 2022 WL 875022 (E.D. Tex. Mar. 23, 2022). The undersigned alternatively recommended dismissal for lack of subject matter jurisdiction under *Rooker–Feldman*. *Id*. at *4. On March 23, 2022, United States District Judge Sean D. Jordan adopted the undersigned's recommendation in part, agreeing with the conclusion that Plaintiff's suit against TBLE is barred by sovereign immunity, and finding this issue was "dispositive of the instant litigation," without reaching or considering the alternative ground for dismissal. *Locke I*, 2022 WL 875022, at *1.

Shortly after dismissal of *Locke I*, on March 30, 2022, Plaintiff filed the instant lawsuit [*Locke II*, Dkt. 1]. Similar to *Locke I*, Plaintiff once again asserts violations of his Fifth and Fourteenth Amendment Due Process and Equal Protection rights. However, in *Locke II,* Plaintiff asserts his claims, pursuant to 42 U.S.C. § 1983, against each TBLE board member and Supreme Court of Texas Chief Judge Nathan Hecht (instead of TBLE) [*Locke II*, Dkt. 2]. As outlined *supra*, the factual allegations underlying the instant claims remain unchanged from *Locke I*. Plaintiff again asks for declaratory and injunctive relief. In *Locke II*, Plaintiff specifically requests the Court:

> 1: Declare TBLE rule 13 § 6 unconstitutional as void for vagueness and enjoin Defendants in their official capacities from enforcing TBLE rule 13 § 6.
>
> 2: Declare TBLE rules 13 § 3 and TBLE rules 13 § 4 unconstitutional as violations of equal protection under the law due to the disparate treatment of American licensed attorneys in favor of foreign licensed attorneys and enjoin Defendants in their official capacities from enforcing TBLE rules 13 § 3 and TBLE rules 13 § 4.
>
> 3: Where the court finds merit, order that Defendants review Plaintiff's application for admission without examination free from bias, and if otherwise qualified, grant Plaintiff admission to practice.

[*Locke II*, Dkt. 2 at 24].

*Motion to Dismiss and Motion to Amend*

Defendants move to dismiss under both Rule 12(b)(1) and 12(b)(6), arguing, first, that this Court lacks subject matter jurisdiction because the *Rooker–Feldman* doctrine bars Plaintiff's claims [*Locke II*, Dkt. 18 at 2]. Defendants also urge Plaintiff fails to state a claim because he has not pleaded allegations that support his constitutional claims. On July 24, 2022, Plaintiff filed a Response [*Locke II*, Dkt. 22], and on August 8, 2022, Defendants filed a Reply [*Locke II*, Dkt. 27]. Shortly after Defendants' Motion to Dismiss was fully briefed, on August 16, 2022, Plaintiff filed a Motion for Leave to Amend his Complaint [*Locke II*, Dkt. 33]. Defendants filed a Response in opposition to this request [*Locke II*, Dkt. 34], and Plaintiff filed a Reply [*Locke II*, Dkt. 35]. On August 9, 2022, the Court also heard oral arguments from the Parties on the pending Motions [*see Locke II docket generally*].

## ***ROOKER-FELDMAN* DOCTRINE**

The *Rooker-Feldman* doctrine presents a threshold jurisdictional question.[2] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381-82 (5th Cir. 2013) ("Because the *Rooker–Feldman* doctrine is jurisdictional, we must address this issue first."). Under the *Rooker-Feldman* doctrine federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Wise v. Wilmoth*, No. 3:16-CV-1039-M-BH, 2016 WL 7192172, at *3 (N.D. Tex. Nov. 10, 2016)

---

[2] A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The Court will accept all "well-pleaded allegations in the complaint as true" and "construe those allegations in the light most favorable to the plaintiff." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P 12(h)(3).

(quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281-82 (2005)), *report and recommendation adopted*, No. 3:16-CV-1039-M-BH, 2016 WL 7217213 (N.D. Tex. Dec. 12, 2016). *Rooker–Feldman* has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted). The doctrine applies to both final judgments and "claims that are 'inextricably intertwined' with a state court decision." *Id.; see also Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011). Relevant here, "the Fifth Circuit has held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.'" *Aikins v. Pitre*, No. 3:18-cv-2341, 2018 WL 5634214, at *3 (N.D. Tex. Sept. 21, 2018) (quoting *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam)), *report and recommendation adopted*, No. 3:18-cv-2341, 2018 WL 5621490 (N.D. Tex. Oct. 30, 2018).

As noted by the undersigned in *Locke I*, "[n]umerous courts have applied the *Rooker-Feldman* doctrine to preclude federal review of a state decision denying an applicant admission to the state bar." *Locke I*, 2022 WL 879563, at *5 (citing *Gonzalez v. Sup. Ct. of Tex.*, No. A-04-CA-750-SS, 2006 WL 897745, at *2 (W.D. Tex. Jan. 31, 2006) ("Fifth Circuit has extended the *Feldman* holding to denials of admission to state bars that are decided by state boards"); *Kastner v. Texas Bd. of L. Examiners* (*Kastner I*), 278 F. App'x 346, 349 (5th Cir. 2008) ("a state bar's denial of admission is a state judicial act over which a federal court has no jurisdiction [under *Rooker-Feldman*]; rather, any challenge must be raised by appeal to the state appellate courts, not by collateral attack in federal court"); *Kastner v. Texas Bd. of L. Examiners* (*Kastner II*), 408 F. App'x 777, 779 (5th Cir. 2010) (affirming dismissal of the plaintiff's claim based on *Rooker-*

*Feldman* that the State Bar of Texas violated his constitutional rights when it denied his application); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (holding disbarment proceedings are subject to *Rooker–Feldman* as "that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments."); *Riley v. La. State Bar Ass'n*, 214 F. App'x 456 (5th Cir. 2007) (citing *U.S. v. Shepard*, 23 F. 3d 923, 924 (5th Cir. 1994)) (affirming dismissal of claims under *Rooker–Feldman* where the plaintiff contested his state bar admission because "it raises issues 'inextricably intertwined' with a state court judgment, such that the district court was 'in essence being called upon to review the state court-decision'"); *Wilson v. Emond*, No. 3:10-cv-659, 2011 WL 494777, at *8 (D. Conn. Feb. 5, 2011) (finding the court lacked subject matter jurisdiction pursuant to *Rooker-Feldman* over the plaintiff's claims related to his denial of state bar admission)). After considering this wealth of authority, in *Locke I*, the undersigned resolved (and the Parties did not dispute) that Plaintiff had lost before the TBLE, no other state proceedings were instituted,[3] and the harm Plaintiff complained of stemmed from the decision of the TBLE. *Locke I*, 2022 WL 879563, at *5. In *Locke I*, the undersigned then further concluded "the relief Plaintiff requests is an order directing TBLE to admit him to the practice of law in Texas. [*Locke I*], therefore, is a direct attempt to reverse the TBLE's decision on Plaintiff's application, his claims are barred by *Rooker-Feldman*." *Id*.

Defendants contend that an identical conclusion is necessitated here in *Locke II*, as in *Locke I,* because even though Plaintiff's claims are now framed as civil rights violations, they

---

[3] More specifically, Plaintiff's application for admission was denied on March 25, 2021. No appeals or other state proceedings were filed after denial, and over sixty days have passed since the TBLE's decision. TEX. R. GOVERNING BAR ADMISSION 15(k) (if an applicant seeks judicial review of the Board's decisions "[t]he affected Applicant or Declarant shall institute, in the district courts of Travis County, Texas proceedings for review of such decision within 60 days after the date the written decision is sent to the Applicant.").

REPORT AND RECOMMENDATION – Page 7

remain barred by *Rooker–Feldman* [*Locke II*, Dkt. 18 at 2]. Defendants argue that "denial to a state bar is a state judicial act over which a federal court has no jurisdiction" [*Locke II*, Dkt. 18 at 5]. Thus, "to the extent Plaintiff challenges a final decision of the TBLE regarding his application and subsequent denial of request to waive the TBLE Rules in his case, his lawsuit must occur in state court" [*Locke II*, Dkt. 18 at 6]. Accordingly, Defendants urge this Court must apply *Rooker-Feldman* as: (1) Plaintiff's 1983 claims are still intertwined with the final decision of the TBLE, and simply recasting his claims as civil rights claims cannot circumvent *Rooker–Feldman*; and (2) Plaintiff's claims are not solely general, or "facial," constitutional challenges to the TBLE Rules, and any claims that instead raise an as-applied constitutional challenge are also still intertwined with the challenged state-court judgment [*Locke II*, Dkt. 18 at 6].

### *Rooker–Feldman* Bars Section 1983 Claims

Section 1983 claims that "merely serve[] as an instrument for evading *Rooker-Feldman*," are barred by that doctrine. *Richard v. Hoechst Celanese Chemical Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003). Indeed, as already once noted, the Fifth Circuit "has determined that issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent *Rooker-Feldman*." *Id.* at 351; *see also Corbin v. Sup. Ct. of Fla.*, No. 5:05CV193, 2006 WL 1719380, at *3 (N.D. Fla. June 21, 2006) (quoting *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995)) ("A federal claim is 'inextricably intertwined' with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'"). Though carefully worded throughout his briefing, and despite his protestations that he does not seek relief solely for himself, the logical conclusion of Plaintiff's requested relief is the same as in his previous lawsuit—overturning the TBLE's decision denying Plaintiff's waiver application. *See Liedtke*, 18 F.3d at 318 (finding *Rooker-Feldman* barred

plaintiff's section 1983 claim where plaintiff's requests for relief, "stripped to essentials, is an attack on the judgment of the state district court."). Indeed, his current complaint concludes "[w]here the court finds merit, order that Defendants review Plaintiff's application for admission without the examination free from bias, and if otherwise qualified, grant Plaintiff admission to practice" [*Locke II*, Dkt. 2 at 24]. Thus, "[h]is section 1983 suit, which arises from the state proceeding, is 'inextricably intertwined' with that judgment." *Id*. To reiterate, a review of Plaintiff's Complaint reveals that all of his allegations stem from the TBLE's procedures in his case and TBLE's denial of his application. *See Riley*, 214 F. App'x at 459 (finding § 1983 claim related to plaintiff's bar readmission application was barred by *Rooker-Feldman* where he did not state "an original cause of action unrelated to his application for readmission."). This Court cannot determine the unconstitutionality of the TBLE rules without also determining whether Plaintiff should be admitted to the Texas bar, or at the very least, whether he is entitled to a waiver of the TBLE rules. *See Guajardo v. State Bar of Tex.*, No. SA-18-CA-1320, 2019 WL 1865283, at *7 (W.D. Tex. Apr. 25, 2019) ("To the extent Plaintiff asserts that the Arizona Bar structure violates federal law, the claims are barred by *Rooker-Feldman* because Plaintiff is essentially challenging the structure to obtain reversal of his own disbarment, and thus the claims are inextricably intertwined with his own disbarment judgment.").

As Defendants point out, courts have routinely found that the proper recourse in situations such as that presented here is to appeal the decision in the appropriate state courts, which Plaintiff has not done, and then to apply for a writ of certiorari to the Supreme Court for review in the federal courts. *See Liedtke*, 18 F.3d at 318 ("Liedtke's recourse was with the state appellate courts … not by a complaint to the federal district court."); *Batista v. Carter*, 796 F. App'x 209, 209 (5th Cir. 2020) ("If a federal question arose in the state proceeding, Batista

needed to raise it for the state court to resolve. If the state court erred, Batista's sole federal recourse after exhausting his state appeals was to apply for a writ of certiorari to the United States Supreme Court.") (internal citations omitted); *Guajardo*, 2019 WL 1865283, at *6 ("Plaintiff did not appeal his disbarment to the Texas Supreme Court, where he would have had an opportunity to raise his constitutional claims. He cannot now collaterally attack the disbarment in federal court."); *Jones v. La. State Sup. Ct.*, 740 F. App'x 83, 83 (5th Cir. 2018) (citing *Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 946 (5th Cir. 1994)) ("Even if some of Jones' claims can somehow be characterized as a general, facial challenge to the constitutionality of the disciplinary scheme, he should have raised those issues during the state court proceeding."); *see also Riley*, 214 F. App'x at 459 ("If the [Bar] readmission process did result in violations of Riley's civil rights, then he should have raised those issues before the Louisiana Supreme Court."); *see also Corbin*, 2006 WL 1719380, at *3 ("This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so.").

### **Rooker–Feldman *Bars "As-Applied" Constitutional Challenges***

Moreover, as this Court previously recommended in *Locke I*, to the extent Plaintiff's Complaint seeks relief limited to Plaintiff and his own application, it is an as-applied constitutional challenge that is still within the gambit of *Rooker–Feldman*:

> In *Kastner I*, faced with similar assertions, the Fifth Circuit explained:
>
> > On appeal, Kastner argues that he is challenging the constitutionality of the BLE rules generally, not only as applied to him. However, an examination of Kastner's complaint belies this contention. ***All of his allegations stem from action taken by the BLE upon his application***, including the alleged failure of the BLE to comply with Texas Government Code § 82.028. His complaint does not adequately set forth a general, facial challenge to the constitutionality of the Texas Bar admission rules. Rather, it sets forth a challenge to the BLE's decision in his case alleging that the the BLE's action was unconstitutional. The district court lacks

>jurisdiction to review such a challenge. *See Feldman,* 460 U.S. at 486, 103 S.Ct. 1303 (holding that federal district courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional").

*Locke I,* 2022 WL 879563, at *5 (citing *Kastner I*, 278 F. App'x at 349 (emphasis added)). As this Court explained regarding Plaintiff's complaint in *Locke I*, "a review of Plaintiff's Complaint reveals that his allegations stem from the TBLE's procedures *as they are applied to him*." *Locke I*, 2022 WL 879563, at *5.

In what appears to be an attempt to circumvent the Court's previous analysis,[4] Plaintiff avers that he does not seek relief for only himself but also for "any one [sic] at all" who is subject to the TBLE Rules at issue [Dkt. 22 at 11]. Crucially, Plaintiff's characterization of his complaint does not control; the Court looks to the substance of the allegations and the relief sought. *See Reis v. Tex. Bd. of Legal Specialization*, No. A-02-CA-172-SS, 2002 WL 32126265, at *3 (W.D. Tex. Oct. 8, 2002) (citing *Musslewhite*, 32 F.3d at 947) (directing the federal court to "ascertain what [it] is really be asked to review.")) ("the Fifth Circuit cautions against claims that, while couched in terms of a facial challenge, arise out of the specific circumstances of a bar decision."). Plaintiff's allegations in *Locke II* certainly arise out of the specific circumstances of TBLE's decision to deny his application, as made clear by several examples: as to his substantive due process claim, "Plaintiff attempted to apply for admission without examination through the ATLAS system, yet when the question regarding online study was answered in the affirmative, Plaintiff was informed that he was ineligible to apply for admission" [*Locke II*, Dkt. 2 at 17]; related to his equal protection claim, "Plaintiff is effectively denied of his ability to show cause

---

[4] Plaintiff attempts to recast the nature of his challenge as a facial rather than as-applied challenge, but the Court must look to the substance of the claims and not Plaintiff's preferred characterization. *See Kastner II*, 408 F. App'x at 779 ("Kastner insists that his claims fall outside of *Rooker–Feldman* because he purports to challenge the constitutionality of the BLE rules generally, rather than just their application in his case, but we already held in his prior lawsuit that his complaint can only be understood as an as-applied challenge.").

REPORT AND RECOMMENDATION – Page 11

as to why he should be admitted to practice in Texas, when he has already been admitted in another American jurisdiction" [*Locke II*, Dkt. 2 at 23]; and as an example of being denied a fair hearing, "disparate discrimination became evident during the waiver hearing on March 25th, 2021, when Plaintiff was not allowed to speak: meanwhile, a Mexican applicant licensed to practice law in Mexico was allowed to speak" [*Locke II*, Dkt. 2 at 24]. Even though Plaintiff describes the relief sought in general terms—asking the Court to declare certain TBLE Rules unconstitutional and enjoin Defendants from enforcing such rules—the substantive allegations supporting this relief are specific to Plaintiff's personal experiences: these are as-applied challenges, appropriately considered. *See Reis*, 2002 WL 32126265, at *3 ("in spite of Reis's attempts to couch these challenges in facial terms, her real contention is with how the requirements were applied to her. The majority of her arguments and evidence stem from her own individual experiences applying to TBLS and utilizing its review procedures."). Plaintiff's claims are subject to dismissal for lack of jurisdiction.

In arguing against this result, Plaintiff continues to strenuously advocate that he falls within the exception to the *Rooker-Feldman* doctrine granting courts jurisdiction to entertain a general attack on the constitutionality of a bar admission rule itself. *Nunu v. Texas*, No. H-21-128, 2021 WL 3054807, at *4 (S.D. Tex. July 20, 2021) (citing *Truong*, 717 F.3d at 382) ("*Rooker-Feldman* bars as-applied constitutional challenges to a statute [it] does not bar facial challenges."). As referenced *supra*, Plaintiff pleads his claims "challenge the constitutionality of certain regulations set forth by the TBLE" and thus his claims fall within this exception to *Rooker–Feldman* [Dkt. 22 at 11]. But again Plaintiff's rejoinder misunderstands the nature of the Court's inquiry. "[T]he Fifth Circuit explain[s] that [a] hallmark[] of the *Rooker–Feldman* inquiry [is]: [] 'what the federal court is being asked to review and reject.'" *Smith v. Woods*,

CV 19-14779, 2020 WL 3606271, at *10 (E.D. La. July 2, 2020) (quoting *Truong*, 717 F.3d at 382), aff'd, 853 F. App'x 980 (5th Cir. 2021). In *Riley*, the Fifth Circuit rejected a nearly identical attempt to reframe the district court's inquiry as a facial challenge, explaining:

> Riley argues that *Rooker–Feldman* does not apply to his case. Instead, he contends that his complaint states a separate cause of action unrelated to his application for readmission to the bar. . . . Riley attempts to frame the alleged violations of his civil rights as original claims, but they arise from, and exist only because of, the Louisiana Supreme Court's denial of his application for readmission. Although, in his briefings, Riley strenuously maintains that he does not wish to challenge the denial of his application for readmission, his complaint suggests otherwise. His complaint states "[t]he denial of Plaintiff's application for readmission, by the Supreme Court of Louisiana, on November 19, 2004, is a denial of due process and equal protection afforded to the Plaintiff, as a black person, under the United States Constitution...." Contrary to Riley's briefings, these words do not indicate an original cause of action unrelated to his application for readmission.

*Riley*, 214 F. App'x at 458-59 (citation omitted). Put differently, Plaintiff's claim does not fall outside of *Rooker–Feldman* simply because the relief sought is not a direct reversal of TBLE's decision in his own case; Plaintiff fails in advancing the exception because his "constitutional challenge" is still intertwined with the TBLE determination in his own case. *See id.* at 459 (citation omitted) (citing *Liedtke*, 18 F.3d at 316) ("Riley argues that the events leading to the denial of his application for readmission—for example, the Board allegedly submitting a knowingly libelous recommendation to the Louisiana Supreme Court—resulted in unconstitutional violations of his civil rights. These events are 'inextricably intertwined' with the Louisiana Supreme Court's denial of Riley's application for readmission. Therefore, under *Rooker–Feldman*, the district court did not have jurisdiction to hear any of Riley's claims.").

## STANDING

Even were the Court incorrect in this conclusion, Plaintiff fails to plead Article III standing to bring a facial constitutional challenge to the TBLE's Rules.[5] Plaintiff does in some instances broadly allege TBLE's Rules are unconstitutional, referencing their application to others "similarly situated," including other graduates of American and international law schools who completed their degrees online [*See, e.g.*, *Locke II*, Dkts. 2 at 15, 21; 22 at 12]. But to establish Article III standing, "a plaintiff must show: (i) that [he] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan*, 504 U.S. at 560-61). "As the party invoking federal jurisdiction," Plaintiff "bear[s] the burden of demonstrating" standing to bring the claims alleged. *Id.* at 2207. "A plaintiff must demonstrate standing for himself or herself, not just for others he or she professes to represent." *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 628 (5th Cir. 2021) (citing *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013)). Relevant here, the Supreme Court generally counsels that facial challenges are "to be discouraged" as they "entail a further departure from the norms of adjudication in federal courts: overbreadth challenges call for relaxing familiar requirements of standing, to allow a determination that the law would be unconstitutionally applied to different parties and different circumstances from those at hand." *Sabri v. United States*, 541 U.S. 600, 609 (2004).

---

[5] The Court's jurisdictional inquiry under Rule 12(b)(1) must necessarily include consideration of Plaintiff's Article III standing (an issue also raised by Defendants). Defendants argue standing as part of their "failure to state a claim" analysis; however, the Court properly considers Article III standing under Rule 12(b)(1) because it implicates the Court's subject matter jurisdiction. *Sua sponte* dismissal "is mandatory when a court discovers that it lacks subject matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing Fed. R. Civ. P 12(h)(3)).

Defendants challenge Plaintiff's standing regarding causation, injury in fact, and redressability [*Locke II*, Dkt. 14 at 13-15]. Plaintiff's response wholly focuses on whether he has alleged a redressable injury personal to him [*See Locke II*, Dkt. 22 at 26-30]. Though he references in passing "those similarly situated," it is only to describe that others may suffer a similar injury [*Locke II*, Dkt. 22 at 27-28]. No argument can be found that he has standing to seek declaratory relief asking the Court to declare the TBLE Rules unconstitutional in all instances. *See Lively v. Ala. State Bar*, No. 2:12CV459-WKW, 2012 WL 7761567, at *6 (M.D. Ala. Dec. 10, 2012) ("even if plaintiff alleges 'injury in fact' resulting from his suspension sufficient to support standing, the allegations of his amended complaint do not demonstrate that such injury is likely to be redressed by the declaratory relief plaintiff seeks. Thus, plaintiff cannot satisfy the 'redressibility' prong of the standing inquiry. He has failed to establish that he has standing to pursue his 'facial' challenge to the constitutionality of Rule 12(e) and, accordingly, the claim is due to be dismissed for lack of jurisdiction."), *report and recommendation adopted*, No. 2:12-CV-459-WKW, 2013 WL 1117742 (M.D. Ala. Mar. 18, 2013). Because it is not apparent from the face of the complaint that Plaintiff has met his burden to establish standing for a facial challenge, the Court recommends these claims, if any, be dismissed under Rule 12(b)(1). *See id.* *5 ("Even if the *Rooker–Feldman* doctrine presents no jurisdictional impediment to the court's consideration of this claim, Article III's 'case or controversy' requirement does. This matter is due to be dismissed for lack of jurisdiction because the factual allegations of plaintiff's amended complaint—accepted as true and construed in the light most favorable to the plaintiff—do not demonstrate that plaintiff has standing to pursue his claim for declaratory relief"); *Flinders v. State Bar of Ca.*, No. 22-CV-04072-VKD, 2022 WL 17419552, at *6 (N.D. Cal. Dec. 5, 2022) ("Insofar as Mr. Flinders contends that his complaint

presents a general attack on the bar admissions process, any such general claims are based entirely on the same reasons he disputes the denial of his particular application for admission to the California bar. As discussed above, however, because Mr. Flinders did not petition the California Supreme Court for review of the Committee's refusal to certify his admission, he has not yet suffered a deprivation of any federally protected rights. Thus, there is no case or controversy for this Court to adjudicate."); *Som v. Sup. Ct. of Ala.*, No. 2:15CV519-WKW, 2015 WL 7571742, at *5 (M.D. Ala. Oct. 20, 2015) ("this court lacks jurisdiction to proceed on plaintiff's claims of facial unconstitutionality because plaintiff lacks Article III standing to prosecute them."), *report and recommendation adopted*, No. 2:15-CV-519-WKW [WO], 2015 WL 7568651 (M.D. Ala. Nov. 24, 2015).

## REQUEST TO AMEND

Plaintiff requests to amend his Complaint [*Locke II*, Dkt. 33], which Defendants oppose [*Locke II*, Dkt. 34]. "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987,994 (5th Cir. 2005) (citation and internal quotation marks omitted). The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment." *Id*. (citation omitted). Plaintiff's proposed amended complaint would remove the third paragraph for relief in his complaint which asks this Court to order TBLE to review Plaintiff's application for admission. Plaintiff appears to believe that removing this request will overcome the deficiencies presented in his Complaint. However, removal of this sentence does not change the fact that Plaintiff has

an avenue by which to bring his challenge regarding the denial of his bar admission; the proper course of action was to appeal the TBLE's decision to a state district court. *See also Rodriguez-Guaiquirian v. United States*, No. 3:15-cv-0257, 2015 WL 3407212, at *2 (N.D. Tex. May 27, 2015) (denying leave to amend where *Rooker-Feldman* was applicable to plaintiff's claims "and the only recourse for Plaintiff is in the state courts."). Removal of this sentence also does not change the overall structure of Plaintiff's complaint and that, as framed, this Court cannot determine the unconstitutionality of the TBLE rules without also determining whether Plaintiff should be admitted to the Texas bar, or at the very least, whether he is entitled to a waiver of the TBLE rules, thus any claims before this Court are "inextricably intertwined" with the TBLE's denial of his bar admission. *See Starks v. Davis*, No. 3:20-cv-02771, 2021 WL 1762056, at *3 (N.D. Tex. Apr. 15, 2021) (finding amendment futile where the proposed amended complaint "would suffer from the same flaws as the original petition. Namely, it seeks relief barred by the *Rooker-Feldman* doctrine by asking this Court to act as an appellate court to the state trial court"), *report and recommendation adopted*, No. 3:20-cv-2771, 2021 WL 1754182 (N.D. Tex. May 4, 2021); *see also Jones v. La. State Sup. Ct.*, No. 15-276, 2017 WL 3725622, at *3 (W.D. La. Aug. 28, 2017) (finding that permitting plaintiff to amend his complaint would be futile where the proposed amended complaint does not "change the Court's conclusion that the *Rooker-Feldman* doctrine bars this Court's consideration of the instant action").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants Augustin Rivera, Jr., Teresa Ereon Giltner, Harold Odom, Barbara Ellis, Anna M. Mckim, Cynthia Eva Hujar Orr, Charles Alfred Mackenzie, Dwaine M. Massey, Carlos R. Soltero, and Nathan L. Hecht's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 18] be **GRANTED** and Plaintiff's

claims against Defendants be **DISMISSED**. The Court further recommends that Plaintiff Nelson R. Locke's Corrected Motion for Leave to Amend [Dkt. 33] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE